# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD RIGHETTI, | 1:09-cv-01626-DLB (HC) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION, DIRECTING CLERK OF COURT TO DISMISS ACTION WITH PREJUDICE, DIRECTING CLERK OF COURT TO ENTER JUDGMENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| A. HEDGPETH, | |
| Respondent. | |
| / | [Doc. 12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

BACKGROUND

Petitioner pled no contest to attempted murder and admitted premeditation and firearm use enhancements. (Lodged Doc. No. 1.) On November 13, 1996, Petitioner was sentenced to an indeterminate state prison term of life with the possibility of parole for the attempted murder and a determinate term of ten years for the firearm enhancement. (Lodged Doc. No. 2.)

Petitioner filed a notice of appeal. On January 15, 1998, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. No. 1.) Petitioner did not seek review by the California Supreme Court.

Petitioner did file four pro se post-conviction collateral petitions. The first petition was filed on March 15, 2007, in the Kings County Superior Court. It was denied with citation to In re

Clark, 5 Cal.4th 750 (1993) on May 1, 2007.  (Lodged Doc. No. 3.)

The second petition was filed on May 29, 2007, in the Kings County Superior Court. (Lodged Doc. No. 5.)  The petition was denied on June 12, 2007.  (Lodged Doc. No. 6.)

The third petition was filed in the California Court of Appeal, Fifth Appellate District on July 3, 2007.  (Lodged Doc. No. 7.)  On February 1, 2008, the petition was denied with citations to In re Robbins, 18 Cal.4th 770, 778 (1998) and In re Gallegos, 18 Cal.4th 825, 832-833 (1988). (Lodged Doc. No. 8.)

The fourth petition was filed in the California Supreme Court on March 13, 2008. (Lodged Doc. No. 9.)  On September 10, 2008, the petition was denied with citation to In re Robbins, 18 Cal.4th at 780.  (Lodged Doc. No. 10.)

Petitioner filed the instant federal petition on September 15, 2009.  (Court Doc. 1.) Respondent filed the instant motion to dismiss on November 20, 2009.  (Court Doc. 12.) Petitioner filed an opposition on February 18, 2010.  (Court Doc. 17.)  Respondent filed a reply on March 29, 2010.  (Court Doc. 19.)

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

1  In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.
2  2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion
3  to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 15, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on January 15, 1998, the California Court of Appeal, affirmed the

judgment. Petitioner did not file a petition for review in the California Supreme Court. The state appeal process became "final" within the meaning of § 2244(d)(1)(A) forty days later when the time for filing a petition for review in the California Supreme Court expired on February 24, 1998. California Rules of Court 24 and 28.[1] Therefore, the one year limitations period began on the following day, February 25, 1998, and absent tolling, was set to expire on February 24, 1999. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As just explained, the statute of limitations commenced on February 25, 1998, and expired on February 24, 1999. Because Petitioner did not file any state post-conviction collateral actions within the one-year limitations period, it expired on February 24, 1999. The four state post-conviction collateral petitions do not serve to statutory toll the one-year limitations period

---

[1] California Rules of Court, rules 24 and 28 have been amended and renumbered rules 8.264 and 8.500.

4

since the first action was not filed until March 2007-well after the limitations had expired.  As a consequence, the first through fourth petitions cannot serve to statutory toll the limitations period.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 ((th Cir. 2001).

      Moreover, the first, third, and fourth state petitions cannot provide tolling because they were expressly found untimely by the state courts.  In denying the first petition, the Kings County Superior Court found it untimely by citing, inter alia, to In re Clark, 5 Cal.4th 750. (Lodged Doc. No. 4.)  The California Court of Appeal found the third petition untimely by citing to, inter alia, In re Robbins, 18 Cal.4th at 778 and In re Gallegos, 18 Cal.4th at 832-833.  (Lodged Doc. No. 8.)  The California Supreme Court found the fourth petition untimely by citing to, inter alia, In re Robbins, 18 Cal.4th at 780.  (Lodged Doc. No. 10.)  Accordingly, for this additional reason the first, third, and fourth petitions do not serve to statutory toll the limitations period.  Pace v. DiGuglielmo, 544 U.S. at 413-418 (a petition for writ of habeas corpus rejected by the state court as untimely is not "properly filed" within the meaning of the statutory tolling provision of AEDPA.)

D.     Equitable Tolling

      The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

      In his opposition, Petitioner contends that the substantial delay in filing was due to extraordinary circumstances beyond his control.  He claims he is untrained in the law and suffered from poor mental health affecting his memory.

1. Mental Incompetency

Mental incompetency, if proven, may equitably toll the statute of limitations as an extraordinary circumstance beyond a prisoner's control. Kelly, 163 F.3d at 541. However, the mere demonstration of mental illness is insufficient, alone, to justify tolling the limitations period, as it must be established that the "illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996). Accordingly, if a prisoner asserts that the limitations should be equitably tolled based on mental illness, he must demonstrate that the illness actually rendered him unable to file the federal petition within the limitations period. See id. at 192; see also Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (equitable tolling will only be granted if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time") (citation omitted).

In Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (reversed en banc on other grounds 295 F.3d 1046 (2002)), the Ninth Circuit concluded that a petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness." The Ninth Circuit recently affirmed this rule in Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). There, the Court pointed out that the determination vis-a-vis equitable tolling is "highly fact-dependent" and that the petitioner "bears the burden of showing that equitable tolling is appropriate." Id.

The determination of whether Petitioner is entitled to equitable tolling for the instant petition is dependent on whether his mental illness began when the limitations period commenced on February 24, 1998 and March 15, 2007-the date the first state petition was filed. In the instance, Petitioner claims his mental incompetence was caused by a self-inflicted gunshot wound to his head. He indicates that after the incident, he was hospitalized for a period of time and his memory was affected. Petitioner states in 2005 he received his transcripts while housed at Salinas Valley State Prison and had to reread the transcripts in order to understand them. He claims it took months for him to read and understand the proceedings.

In support of his claim, Petitioner attaches medical reports dated September 5, 1995, and September 11, 1996-prior to the commencement of the limitations period. (Opposition, Exhibit C.) Petitioner also submits a list of medications for which he was prescribed. (Id. at Exhibit D.) Petitioner also submits medical reports from 2008 regarding his medical condition. (Id. at Exhibit E.)

Petitioner has not submitted any evidence to demonstrate a claim for mental incompetency during the running of the limitations period, subsequent to 1996. Petitioner submits no evidence to support his condition that he was suffering from a mental condition such that it prevented him from filing a timely petition. Petitioner has failed to demonstrate how his the loss of memory was the cause of filing an untimely petition. In fact, the medical reports dated September 5, 1996, and September 11, 1996, do not support the finding that Petitioner was suffering from a mental illness during the relevant period of time. The September 5, 1996, report indicates that a Neurobehavioral Cognitive Screening Exam was conducted and Petitioner "tested within normal limits" although his performance showed delayed memory for a 4-word list after a short distraction. (Opposition, Exhibit C.) The September 11, 1996, report indicates that Petitioner had "mild cognitive deficits." Nothing in this report indicates that Petitioner suffered from a mental illness at that time or any time thereafter, much less one that prevented him from having the ability to file his federal petition during the limitation period.

Moreover, on January 22, 1996, Petitioner was found competent to stand trial. (Lodged Doc. No. 11, at 238.) On July 17, 1996, a medical evaluation was conducted at the request of the prosecution. (Id. at 297-304.) Petitioner stated that he had short term memory problems which gradually returned after a couple days. (Id. at 299.) It was found that despite appearing depressed, Petitioner was alert, oriented, able to converse freely, and presented no evidence of thought difficulties. (Id. at 303.) On September 24, 1996-subsequent to the medical reports submitted in support of Petitioner's claim, Petitioner withdrew his plea of not guilty and entered a plea of no contest. (Id. at 378, 390-391.) The trial court made the specific finding that Petitioner "knowingly, intelligently, freely, and voluntarily" entered his plea. (Id. at 391.) Thus, these events strongly negate Petitioner's claim that he was mentally incompetent during this time.

In addition, despite his several years of incarceration, Petitioner has never been placed in the California Department of Corrections and Rehabilitation's Correctional Clinical Case Management System for mental impairments. Nor has Petitioner ever been placed in a state hospital for treatment of a mental condition. In sum, Petitioner provides no specific details of his claim. Nor does he indicate how his mental health disorders affected his functioning; the severity of his disability; the effect of any medication he may have been prescribed, or the limitations that he suffered as a consequence of the mental health illness. The documents Petitioner attaches to his opposition, as Exhibit C, cover a period of time that occurred before the one-year statute of limitations, and thus, are of no significance. Accordingly, there is no evidence that he suffered from a mental impairment which constituted an "extraordinary circumstance" preventing the timely filing, and Petitioner has not met his burden of demonstrating entitlement to equitable tolling. Lawrence, 548 U.S. at 337.

    2.   Lack of Knowledge of Law

To the extent Petitioner contends that his ignorance of the law justifies tolling the limitations period, it is without merit. A petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner has not provided a sufficient basis to equitable toll the limitations period based on his ignorance and/or understanding of the law.

### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the instant petition as untimely is GRANTED;
2. The Clerk of Court is directed to dismiss the petition with prejudice; and
3. The court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack

v. McDaniel, 529 U.S. 473, 484 (2000).  In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).  Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

**Dated:   April 14, 2010**             /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE